LOUIS ARREDONDO v. THE STATE.

No. 8478.    Decided June 4, 1924.

**1.—Misdemeanor Theft—Hearsay Evidence—Theft of Turkeys.**

Where, upon trial of misdemeanor theft, the State was permitted to introduce hearsay evidence against the defendant as to how he acquired the alléged stolen property, the judgment must be reversed and the cause remanded.

**2.—Same—Complaint—Information—Value.**

There was no error in overruling appellant's motion to quash the complaint and information upon the ground that same did not accurately state the value of the turkeys. Theft of property of any value of less than fifty dollars would be a misdemeanor of which the County Court has jurisdiction.

Appeal from the County Court of Fayette. Tried below before the Honorable John P. Ehlinger.

Appeal from a conviction of theft of turkeys; penalty, a fine of $100.00 and ten days confinement in jail.

*Moss & Lowrey,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Fayette County of theft of property under the value of fifty dollars, and his punishment fixed at a fine of $100 and ten days in jail.

J. W. Taylor missed a turkey hen and sixty-three young turkeys on July 20, 1923. A few days later he and the sheriff went to the home of one Thomas Flores and there found sixteen young turkeys in a coop and one on the outside, which Taylor and his wife and others swore were Taylor's turkeys and part of those he had lost. The identification was by means of a hole punched between two toes on the right foot of each turkey. Appellant also raised turkeys and swore that he

marked his turkeys by punching a hole between the toes on the right foot. No one having knowledge seems to deny this fact. Flores lived about three miles from appellant. When Taylor and the sheriff found the turkeys at the home of Flores he told them that appellant brought those turkeys to his house. Upon the trial both Taylor and the sheriff swore to this statement made to them by Flores. By proper bill of exceptions complaint is made of the admission of this testimony from these witnesses. Clearly such admission was error. Appellant was not present. Flores was also charged with the theft of the turkeys in question, but his statements made out of the presence of appellant and after the theft, if any, would not be binding upon appellant and would not be admissible against the latter.

Appellant's motion to quash the complaint and information upon the ground that same did not accurately state the value of the turkeys, was properly overruled. Theft of property of any value if less than fifty dollars would be a misdemeanor and an offense of which the County Court would have jurisdiction.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*